[Cite as *State v. Smith*, 2020-Ohio-6718.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| STATE OF OHIO, | : | APPEAL NO. C-190485 |
| | | TRIAL NO. B-0707191-A |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| ROGER SMITH, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  December 16, 2020


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger Smith*, pro se.

**ZAYAS, Judge**.

{¶1}    Defendant-appellant Roger Smith appeals the Hamilton County Common Pleas Court's judgment overruling his "Motion for Leave to File Motion for New Trial pursuant to Crim.R. 33(A)(1), (2) and (5)."    We affirm the court's judgment, because Smith failed to demonstrate that he had been unavoidably prevented from timely moving for a new trial on the grounds asserted.

*Procedural Posture*

{¶2}    In 2007, Smith was indicted with his brother Ricky on two counts of murder in violation of R.C. 2903.02(A) and (B) for the death of Rodney Gorley following a physical altercation.  The defendants were tried together before a jury.

{¶3}    The altercation occurred in the front yard of Kristal Williams's house, in the presence of Williams and others who had gathered there.  Williams and her friends Rasheka Smith and Markuita Dale testified at trial.  They provided consistent accounts of the events leading to Gorley's fatal injury, and when pressed by the defense on cross-examination, each denied appearing at trial under threat or intimidation by the police or the prosecuting attorney.

{¶4}    The witnesses testified that Gorley had stopped by Williams's house to use a phone to summon a bootleg cab.  Gorley then waited for his ride on Williams's front porch, where the witnesses sat drinking and talking.  Gorley was still there an hour or so later when Smith, who lived on the street directly behind Williams's house, approached the porch and engaged Gorley in a verbal exchange.  The nature of that exchange was not apparent to the witnesses, but it ended with Williams asking Smith to leave.

{¶5}    A half hour later, as Gorley was descending the porch steps, Smith's brother Ricky emerged from the side of Williams's house and struck Gorley in the back of the head with a claw hammer.  Smith followed and began punching Gorley.  Gorley fought back, and all three men went to the ground, where they briefly

struggled until Williams demanded that they leave. The Smith brothers fled. Gorley stood, staggered, and fell.

{¶6} The three witnesses observed that the chest area of Gorley's shirt was bloody, and Rasheka Smith saw "slits" on Gorley's chest and arms. Dale summoned emergency medical assistance. Gorley was taken to the hospital, where he died three days later. The cause of death was a stab wound to his heart.

{¶7} The fight occurred after dark, with limited illumination from streetlights and a neighboring building. And the witnesses admitted to having shared a pint of liquor that day. Nevertheless, the witnesses were, in varying degrees, acquainted with the Smith brothers and thus readily identified them as Gorley's assailants. And the witnesses consistently maintained that they had not seen a knife in anyone's hand.

{¶8} From the scene, the police recovered a knife blade laying in blood on the ground in Williams's side yard and a knife handle near a truck parked in the rear yard of Smith's residence. And the police also observed small cuts on Smith's hands. The knife blade and handle were found to bear traces of Gorley's blood. Gorley's blood was also found on Smith's pants and right shoe and as part of a mixture of blood on Smith's left shoe. Ricky was excluded, but Smith could not be excluded, as a source of that mixture.

{¶9} The jury found Smith guilty of murder as charged in both counts of the indictment, and the trial court imposed concurrent prison terms of 15 years to life. In the direct appeal, this court overruled assignments of error challenging, among other things, the weight and sufficiency of the evidence to support the convictions, but we remanded for resentencing consistent with R.C. 2941.25. *State v. Smith*, 1st Dist. Hamilton No. C-080685, 2009 WL 9159650 (July 1, 2009). Following resentencing, Smith stood convicted of purposeful murder in violation of R.C.

2903.02(A). *State v. Smith*, 1st Dist. Hamilton No. C-090677 (June 23, 2010) (affirming the 2009 judgment of conviction).

{¶10} Smith also challenged his conviction in a timely-filed petition under R.C. 2953.21 for postconviction relief and an untimely motion under Crim.R. 33(A)(6) for a new trial. The common pleas court denied his 2009 postconviction petition alleging that his trial counsel had been ineffective in failing to investigate and present testimony to support his defense that Gorley had fallen on his own knife during the fight. Smith was denied leave to file a delayed appeal from that judgment. *See State v. Smith*, 1st Dist. Hamilton No. C-090911 (Jan. 21, 2010). The common pleas court also overruled Smith's 2010 motion seeking a new trial based on the state's expert's trial testimony that Gorley might have fallen on his own knife and "newly discovered evidence" in the form of a statement in the trial court's entry overruling Ricky's new-trial motion that "there was no evidence at trial specifically identifying which of the two defendants was responsible for the wound to the victim's heart." This court affirmed that judgment, because Smith had neither sought nor been granted leave to file a late new-trial motion. *State v. Smith*, 1st Dist. Hamilton No. C-100294 (Dec. 3, 2010).

*2019 Motion for Leave to File a Motion for a New Trial*

{¶11} In 2019, Smith filed with the common pleas court his "Motion for Leave to File Motion for New Trial pursuant to Crim.R. 33(A)(1), (2) and (5)." Attached to the motion was the affidavit of trial witness Rasheka Smith.

{¶12} Rasheka Smith averred in her affidavit that she had been "coerced by the Detectives and the State to testify," that her testimony was "the product of coercion by the prosecution," that the state and police "threatened [her] both directly and indirectly," and that the police "continued to come to [her] job and harass [her] concerning appearing at court and testifying for their cause." She also asserted that she had not seen "the disturbance" between defendant and Gorley, because of "the

4

darkness," and because the porch light had not been on and she had been "drinking." She further asserted that she had been "[un]aware of what was transpiring [but] just knew there was a disturbance" because she could hear it. Yet, she insisted that she "[had seen] the hands of Roger Smith at the time of the incident * * * and there was no weapon of any kind in either of [his] hands."

{¶13} In his Crim.R. 33(B) motion, Smith sought leave to move for a new trial under Crim.R. 33(A)(1), (2) and (5), on the grounds of an irregularity in the proceedings, prosecutorial misconduct, and an error of law. He asserted that Rasheka Smith's affidavit showed that the state had "coerced" her testimony, that the state had failed to disclose exculpatory evidence concerning that coercion and her inability to see due to inadequate lighting, and that his trial counsel had been ineffective in failing to investigate or interview her or to assess her ability to see considering those lighting conditions. Smith also requested a hearing on his motion for leave, arguing that the affidavit, made November 2018 and received by him in December 2018, showed that he had been unavoidably prevented from timely seeking a new trial on those grounds. The common pleas court overruled the motion for leave without an evidentiary hearing.

*Crim.R. 33(B) Motion for Leave*

{¶14} In this appeal, Smith presents two assignments of error. In his first assignment of error, he contends that the common pleas court abused its discretion in denying his Crim.R. 33(B) motion for leave without conducting an evidentiary hearing. This challenge is untenable.

{¶15} A new trial may be granted under Crim.R. 33(A)(2) on the ground of prosecutorial misconduct, *State v. Judy*, 1st Dist. Hamilton No. C-843704, 1986 WL 8100 (July 23, 1986), or under Crim.R. 33(A)(1) or 33(A)(5) on the ground of ineffective assistance of counsel. *State v. Norton*, 1st Dist. Hamilton Nos. C-840415 and C-840896, 1985 WL 8950 (July 24, 1985). A motion for a new trial on grounds

5

other than newly discovered evidence must be filed either within 14 days of the return of the verdict or within seven days after the granting of leave to file a new-trial motion out of time. Crim.R. 33(B).

{¶16} On a Crim.R. 33(B) motion for leave to move for a new trial on grounds other than newly discovered evidence, the movant bears the burden of proving by "clear and convincing" evidence that he or she had been "unavoidably prevented from [timely] filing [the new-trial] motion." Crim.R. 33(B). A reviewing court may not overturn a decision on a motion for leave that is supported by some competent and credible evidence. *State v. Schiebel,* 55 Ohio St.3d 71, 74, 564 N.E.2d 54 (1990).

{¶17} Crim.R. 33(B), by its terms, contemplates a hearing on a motion for leave. The nature of that hearing is discretionary with the court and depends on the circumstances. The court must conduct an evidentiary hearing if the evidence offered in support of the motion for leave demonstrates unavoidable prevention. *See State v. Carusone*, 1st Dist. Hamilton No. C-130003, 2013-Ohio-5034, ¶ 4 and 33; *State v. Gaines*, 1st Dist. Hamilton No. C-090097, 2010-Ohio-895, ¶ 4.

{¶18} Smith did not support his motion for leave with his own affidavit attesting to the circumstances of securing Rasheka Smith's affidavit. Rasheka Smith, in her affidavit, did not speak to the circumstances of making that affidavit. Also, the record of the proceedings leading to Smith's conviction shows that the defense had explored with the eyewitnesses at trial the dim lighting conditions and alleged coercion by the police or the prosecuting attorney. Thus, neither the motion for leave, with its supporting evidentiary material, nor the record of the proceedings at trial provided any evidence that Smith had been unavoidably prevented from timely moving for a new trial on the proposed grounds.

{¶19} Because the evidence offered in support of the motion for leave did not demonstrate unavoidable prevention, the common pleas court did not abuse its

6

discretion in declining to conduct an evidentiary hearing on the motion. And because Smith failed to sustain his burden of presenting clear and convincing proof of unavoidable prevention, the court did not err in overruling the motion. Accordingly, we overrule the first assignment of error.

*Crim.R. 33(A)(1), (2), and (5) Motion for a New Trial*

**{¶20}** In his second assignment of error, Smith contends that the common pleas court erred in not granting him a new trial. We do not reach the merits of that challenge.

**{¶21}** Smith's notice of appeal conferred upon this court jurisdiction to review only the judgment from which he appealed. In that judgment, the common pleas court overruled Smith's Crim.R. 33(B) motion for leave to file a motion for a new trial and thus did not reach on the merits his proposed Crim.R. 33(A) new-trial motion. Accordingly, this court has no jurisdiction to address his challenge to the common pleas court's failure to grant him a new trial.

*We Affirm*

**{¶22}** The common pleas court neither abused its discretion in declining to conduct a hearing, nor erred in overruling Smith's Crim.R. 33(B) motion for leave to file a new-trial motion out of time. Accordingly, we affirm the court's judgment.

Judgment affirmed.

**MOCK, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.