**[Cite as *State v. Brand*, 2022-Ohio-1185.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210323 |
| Plaintiff-Appellee, | : | TRIAL NO. B-1402577 |
| vs. | : | *O P I N I O N.* |
| BARON BRAND, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified

Date of Judgment Entry on Appeal:    April 8, 2022


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Mary Stier*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Baron Brand*, pro se.

**ZAYAS, Presiding Judge**.

{¶1} Defendant-appellant Baron Brand appeals the Hamilton County Common Pleas Court's judgment overruling his motion to vacate his convictions. Because the common pleas court lacked jurisdiction to entertain Brand's postconviction motion and should have dismissed it, we modify the trial court's judgment to reflect a dismissal of Brand's motion and affirm the judgment as modified.

{¶2} Following a jury trial in 2015, Brand was convicted of two counts of aggravated murder, felonious assault with firearm and repeat-violent-offender specifications, aggravated robbery, and two counts of having a weapon while under a disability. This court affirmed his convictions in *State v. Brand*, 1st Dist. Hamilton No. C-150590, 2016-Ohio-7456, *appeal not accepted*, 149 Ohio St.3d 1464, 2017-Ohio-5699, 77 N.E.3d 988.

{¶3} In February 2021, Brand moved the common pleas court to vacate his convictions because the jury-verdict forms were not in compliance with R.C. 2945.75 where the forms failed to state the degree of the offense or that an aggravating element had been found. Because of the alleged lack of compliance with R.C. 2945.75, Brand maintains that he should have been found guilty and sentenced for the least degree of each offense charged.

## No Common Pleas Court Jurisdiction

{¶4} Brand did not specify in his motion a statute or rule under which the relief he sought may have been granted. Therefore, the common pleas court was left to "recast" the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. But Brand's motion to vacate his convictions was not reviewable under any postconviction procedure provided by rule or statute.

**{¶5}** First, Brand's motion alleged a statutory, rather than a constitutional, violation. Therefore, it was not reviewable under the standards provided by R.C. 2953.21 et seq., governing the proceedings upon a petition for postconviction relief. *See* R.C. 2953.21(A)(1) (requiring a postconviction petitioner to demonstrate a constitutional violation in the proceedings resulting in his conviction); *see also State v. Spurling*, 1st Dist. Hamilton No. C-190629, 2020-Ohio-3792, ¶ 13 (defendant does not have a constitutional right to be sentenced in accordance with R.C. 2945.75). Second, the motion was also not reviewable as a motion for a new trial under Crim.R. 33 or as a motion to withdraw a guilty or no-contest plea under Crim.R. 32.1, because Spurling was not convicted upon guilty or no-contest pleas, but following a trial, and the motion did not seek a new trial. Third, the motion was not reviewable under R.C. Chapter 2731 as a petition for a writ of mandamus, under R.C. Chapter 2721 as a declaratory judgment action, or under R.C. Chapter 2725 as a petition for a writ of habeas corpus, because the motion did not satisfy those statutes' procedural requirements. *See* R.C. 2731.04, 2721.12(A), and 2725.04. And Crim.R. 57(B) did not require the common pleas court to entertain the motion under Civ.R. 60(B), because Brand's convictions and sentences were reviewable under the procedures provided for in a direct appeal.

**{¶6}** Finally, we hold that the common pleas court also was unable to review Brand's motion under its jurisdiction to correct a void judgment because there was no dispute that the common pleas court had personal and subject-matter jurisdiction over the criminal proceedings culminating in Brand's convictions. *See State v. Henderson,* 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 43. Consequently, any alleged error in the jury-verdict forms rendered Brand's convictions voidable, not void.

**{¶7}** Because the common pleas court did not have jurisdiction to review the merits of Brand's motion under any postconviction procedure provided by rule or statute or under its jurisdiction to correct a void judgment, it should have dismissed Brand's motion for lack of jurisdiction. Therefore, under App.R. 12(B), we modify the common

pleas court's judgment to reflect a dismissal of Brand's motion, and affirm that judgment as modified.

Judgment affirmed as modified.

**CROUSE** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.