**[Cite as *State v. Brand*, 2023-Ohio-3321.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220602 |
| | | TRIAL NO. B-1402577A |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| BARON BRAND, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 20, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Baron Brand*, pro se.

**CROUSE, Presiding Judge**.

{¶1} Defendant-appellant Baron Brand appeals the Hamilton County Common Pleas Court's judgment denying his Crim.R. 33(B) motion for leave to file a delayed motion for a new trial. Because Brand was not unavoidably prevented from discovering the grounds of his new-trial motion within the prescribed time, we affirm.

I.

{¶2} Following a jury trial in 2015, Brand was convicted of two counts of aggravated murder, felonious assault with firearm and repeat-violent-offender specifications, aggravated robbery, and two counts of having a weapon while under a disability. Brand unsuccessfully challenged his convictions in his direct appeal and in a 2021 postconviction motion. *See State v. Brand*, 1st Dist. Hamilton No. C-150590, 2016-Ohio-7456, *appeal not accepted*, 149 Ohio St.3d 1464, 2017-Ohio-5699, 77 N.E.3d 988; *State v. Brand*, 1st Dist. Hamilton No. C-210323, 2022-Ohio-1185, *appeal not accepted*, 167 Ohio St.3d 1408, 2022-Ohio-2047, 188 N.E.3d 1102.

{¶3} In October 2022, Brand moved for leave to file a new-trial motion based on grounds of newly discovered evidence and juror misconduct. *See* Crim.R. 33(A)(2) and (6). In support of his motion, Brand attached the affidavit of Keith Jacksson, a juror in Brand's 2015 criminal trial. Jacksson states in his affidavit that in his opinion "the evidence was not strong enough to find [Brand] guilty beyond a reasonable doubt" and "the decision of guilt was based upon peer pressure of jurors, with the vote of the majority." Brand also attached his own affidavit in support of his motion for leave, attesting that on September 19, 2022, "He came into contact with a[n] affidavit from one said, Keith Jacksson." Specifically, he stated, "I was incarcerated and was notified that there was a sworn affidavit by a Keith Jacksson." The common pleas court denied the motion for leave as "not well-taken."

II.

{¶4} Brand now appeals, arguing in a single assignment of error that the common pleas court denied him due process and abused its discretion by denying his motion for leave under Crim.R. 33(B). We are unpersuaded.

{¶5} We review a court's denial of a motion for leave to file a delayed motion for a new trial under an abuse-of-discretion standard. *State v. Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, 205 N.E.3d 513, ¶ 29. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶6} Under Crim.R. 33(B), a motion for a new trial based on juror misconduct must be filed within 14 days of the verdict and a motion for a new trial based on newly discovered evidence must be filed within 120 days of the verdict. The jury returned a verdict in Brand's trial on September 22, 2015. As Brand did not attempt to file a motion for a new trial until 2021, he is well beyond either of the time limits set forth in Crim.R. 33(B). However, a party may seek leave to file a motion for a new trial based on juror misconduct if "it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial" within the 14-day time period. Crim.R. 33(B). To obtain leave to file a motion for a new trial based on newly discovered evidence, the defendant must demonstrate by clear and convincing evidence that he was unavoidably prevented from discovering the evidence relied upon to support the new-trial motion within the 120-day time period. A party is unavoidably prevented from filing a motion for a new trial if "the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. McKnight*, 2021-Ohio-2673, 176 N.E.3d 802 (4th Dist.), ¶ 11, citing *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984).

**{¶7}** In *State v. Smith*, 1st Dist. Hamilton No. C-190485, 2020-Ohio-6718, we held that Smith had not been unavoidably prevented from discovering that a state's witness had recanted her trial testimony within the prescribed time period for filing a new-trial motion based on newly discovered evidence, and therefore, affirmed the trial court's denial of Smith's motion for leave. In determining that Smith had not demonstrated unavoidable prevention, we relied on the fact that the recanting witness's affidavit attached to Smith's motion for leave did not speak to the circumstances of making her affidavit and further, that Smith's affidavit, also attached to the motion for leave, did not attest to the circumstances of securing the witness's affidavit. *Id*. at ¶ 18-19. Therefore, there was no proof that Smith had used reasonable diligence to attempt to discover this "new evidence" within the prescribed time frame.

**{¶8}** Similar to the defendant in *Smith*, Brand has submitted no proof that he was unavoidably prevented from discovering, within the prescribed time period, that a juror's verdict may have been coerced. First, the juror's affidavit did not explain the circumstances of making his affidavit. For example, why did Jacksson decide to come forward now, eight years after he had rendered his guilty verdict? Did Jacksson contact Brand or did Brand or someone else contact Jacksson about his verdict? When did the contact occur? Second, there is no information in Brand's affidavit as to how he secured Jacksson's affidavit. For example, who, if anyone, directed Jacksson to set forth his experience as a juror in an affidavit and when did that occur? Finally, Brand has offered no evidence as to whether he used reasonable diligence within the relevant time period to determine any juror misconduct. There is no evidence that he tried to contact or question the jurors after the verdict was rendered.

**{¶9}** Brand argues that he could not have known about Jacksson being pressured by other jurors until recently because jurors are not required to disclose how they reach their verdict. While jurors are not required to discuss their deliberative process, a defendant through defense counsel is permitted to speak with jurors following

a verdict and those discussions may lead to information about juror misconduct. Here, there is no evidence that Brand sought to question the jurors after the verdict or used reasonable diligence to discover any issues with the verdict. *See State v. Schiebel*, 55 Ohio St.3d 71, 75, 564 N.E.2d 54 (1990) (holding that the trial court did not abuse its discretion in denying leave to file a new-trial motion on the grounds of juror misconduct when there was no evidence that the defendant used reasonable diligence to discover issues with the verdict).

{¶10} In *Scheibel,* two codefendants, Schiebel and Warner, filed motions for leave to file a motion for a new trial outside the 14-day period alleging juror misconduct. Warner's attorneys interviewed several jurors immediately after the verdict was rendered, but did not ask about "juror misconduct, outside influence, tampering, or other improper conduct" during the interview. *Id.* Because his attorney made no attempt to ask questions about any misconduct during the interview, the court determined, "It cannot be said with any degree of probability, let alone conclusively, that Warner was unavoidably prevented from discovering any alleged misconduct before the fourteen-day period lapsed." *Id.* Schiebel's attorney made no attempt to interview the jury during the 14-day period and the court held, "It cannot be said that Schiebel was unavoidably prevented from discovering an incident of juror misconduct when he made no attempt toward such discovery." *Id.* Here, there is no evidence that Brand attempted to contact jurors after his verdict. Accordingly, like the defendants in *Schiebel*, Brand has not demonstrated that he was unavoidably prevented from discovering any juror misconduct when he made no attempts toward such discovery within the appropriate time frames.

{¶11} Finally, Brand argues that the common pleas court should have held a hearing on his motion for leave, but Brand did not request a hearing. Even if he had, a trial court does not abuse its discretion in denying a motion for leave without a hearing if there is no compelling proof that the defendant was unavoidably prevented from discovering the grounds upon which his motion for a new trial depends. *See Smith,* 1st

Dist. Hamilton No. C-190485, 2020-Ohio-6718, at ¶ 17, citing *State v. Carusone*, 1st Dist. Hamilton No C-130003, 2013-Ohio-5034, ¶ 4 and 33.

III.

{¶12}   Because Brand has not demonstrated that he was unavoidably prevented from discovering the grounds upon which his new-trial motion depends, we overrule his single assignment of error, and affirm the common pleas court's judgment.

Judgment affirmed.

**WINKLER** and **KINSLEY, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.