[Cite as *State v. Snowden*, 2024-Ohio-1706.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29932 |
| | : | |
| v. | : | Trial Court Case No. 1993 CR 00218 |
| | : | |
| JAMES SNOWDEN | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 3, 2024

. . . . . . . . . . .

JAMES SNOWDEN, Appellant, Pro Se

MATHIAS H. HECK, JR., by NATHAN D. VANDERHORST, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} James Snowden appeals pro se from the trial court's order overruling his "motion to vacate illegal sentence."

{¶ 2} Snowden contends the trial court erred in denying him relief based on defective jury verdict forms and based on ineffective assistance of trial and appellate

counsel for failing to raise the issue.

{¶ 3} We conclude that Snowden's argument about the verdict forms and his claim regarding ineffective assistance of trial counsel are barred by res judicata. Snowden's allegation of ineffective assistance of appellate counsel cannot be pursued in post-conviction proceedings. The remedy would be an App.R. 26(B) application for reopening. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 4} A jury convicted Snowden of involuntary manslaughter, aggravated robbery, and felonious assault in 1993. The trial court imposed consecutive sentences resulting in an aggregate prison term of 24 to 65 years. This court affirmed on direct appeal in *State v. Snowden*, 2d Dist. Montgomery No. 14107, 1994 WL 587557 (Oct. 28, 1994), overruling three assignments of error.

{¶ 5} In 1999, Snowden filed a motion to merge allied offenses of similar import. The trial court overruled the motion, and this court affirmed in *State v. Snowden*, 2d Dist. Montgomery No. 17785, 2000 WL 20884 (Jan. 14, 2000), finding res judicata applicable while also rejecting the allied-offense argument on the merits.

{¶ 6} In October 2022, Snowden filed his motion to vacate illegal sentence, which the trial court construed as a petition for post-conviction relief under R.C. 2953.21. Snowden argued that the jury's verdict forms were deficient under R.C. 2945.75. He also claimed that the trial court's judgment entry failed to recite the manner of his conviction, failed to indicate that it had considered the statutory principles and purposes of felony sentencing, and failed to include jail-time credit. The trial court denied relief, concluding

that Snowden's filing was untimely and that his claims were barred by res judicata. Snowden appeals, advancing two assignments of error.

## II. Analysis

{¶ 7} The first assignment of error states:

**THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT DENYING HIM A FAIR SENTENCING HEARING WHERE THE JURY'S VERDICT FORMS OMITS AN ESSENTIAL REQUIREMENT FAILING TO MEET REVISED CODE SECTION 2945.75(A)(2).**

{¶ 8} Snowden's first assignment of error implicates R.C. 2945.75, which applies when the presence of one or more additional elements elevates the seriousness of an offense. In particular, he cites R.C. 2945.75(A)(2) which provides: "A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."

{¶ 9} Snowden contends the statute applied to his offenses of involuntary manslaughter, aggravated robbery, and felonious assault without detailing how it applied. He simply claims the jury's verdict forms failed to state either the degree of his offenses or that some unidentified additional element or elements had been found.

{¶ 10} Without regard to the merits of Snowden's argument, it at least arguably is not subject to review under any post-conviction procedure provided by rule or statute. In the trial court, Snowden styled his motion as one to "vacate illegal sentence," citing R.C. 2945.75, the verdict-form statute. The trial court characterized the motion as one seeking

post-conviction relief under R.C. 2953.21, which primarily addresses constitutional violations. But Snowden's claim about deficient verdict forms raised a statutory issue, not a constitutional one. *State v. Brand*, 1st Dist. Hamilton No. C-210323, 2022-Ohio-1185, ¶ 5. His argument about the forms also did not raise an issue reviewable in a new-trial motion, plea-withdrawal motion, petition for a writ of mandamus, declaratory-judgment action, habeas petition, or Civ.R. 60(B) motion. *Id*. The verdict-form issue additionally was not reviewable through a motion to correct a void judgment, as any error in the forms would have rendered the judgment merely voidable. *Id*. at ¶ 6.

**{¶ 11}** In any event, we conclude that res judicata applied even if Snowden's complaint about the verdict forms could be construed as alleging a constitutional violation or if some other avenue of relief made the issue reviewable. The issue could have been pursued on direct appeal because it did not depend on any evidence outside of the record. *State v. Wright*, 2d Dist. Clark No. 2020-CA-33, 2021-Ohio-610, ¶ 6-7. As the trial court noted, Snowden's motion also was grossly untimely insofar as statutory post-conviction relief was concerned. For each of the foregoing reasons, the first assignment of error is overruled.

**{¶ 12}** The second assignment of error states:

**DEFENDANT-APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSELS IN VIOLATION OF THE 6TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 AND SECTION 16 OF THE OHIO CONSTITUTION.**

{¶ 13} Snowden contends his trial and appellate counsel provided ineffective assistance by failing to raise the issue regarding the verdict forms.

{¶ 14} Although ineffective assistance of trial counsel can constitute grounds for post-conviction relief under R.C. 2953.21, res judicata applies here because Snowden had a new attorney on appeal and his claim did not depend on evidence outside of the record. *State v. Blanton*, 171 Ohio St.3d 19, 2022-Ohio-3985, 215 N.E.3d 467, ¶ 2.

{¶ 15} Insofar as Snowden challenged his appellate counsel's effectiveness, "claims alleging the ineffective assistance of appellate counsel are not cognizable in post-conviction proceedings[.]" *State v. Sellars*, 2d Dist. Montgomery No. 28860, 2021-Ohio-1433, ¶ 25. "The proper avenue for relief for such a claim would instead be through an application to reopen under App.R. 26(B)." *Id.* Accordingly, the second assignment of error is overruled.

### III. Conclusion

{¶ 16} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and WELBAUM, J., concur.