[Cite as *State v. Rainey*, 2025-Ohio-2608.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240497 |
| | | TRIAL NO. B-2100811-B |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| MELOGRO RAINEY, | : | *JUDGMENT ENTRY* |
| Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, and the briefs.

The judgment of the trial court is affirmed for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 7/25/2025 per order of the court.**

**By:**_____
      **Administrative Judge**

[Cite as *State v. Rainey*, 2025-Ohio-2608.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-240497 |
| | | TRIAL NO. | B-2100811-B |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| MELOGRO RAINEY, | : | *O P I N I O N* | |
| Defendant-Appellant. | : | | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 25, 2025

*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *Jon Vogt*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Melogro Rainey*, pro se.

**Bock, Judge.**

**{¶1}** Defendant-appellant Melogro Rainey moved for leave to file a new-trial motion under Crim.R. 33(B). After the Hamilton County Court of Common Pleas denied his motion, Rainey appealed. Because Rainey failed to demonstrate that he was unavoidably prevented from timely discovering the evidence upon which he now relies to support his motion for a new trial, we affirm the lower court's judgment.

## I. Factual and Procedural History

**{¶2}** In 2021, Rainey was indicted, along with his codefendant Kendall Tye, for various drug and weapon-related offenses. The State's cases against Tye and Rainey proceeded separately. Rainey opted to have his drug charges tried by a jury, and during the trial, the following facts emerged.

**{¶3}** In 2020, the Cincinnati Police Department received complaints of drug activity in the building located at 1842 Baltimore Avenue ("the building"). The police began surveilling the building and, over that year, observed Rainey and Tye going into and leaving the building, using a key to enter. On January 21, 2021, a neighborhood video-surveillance camera captured Rainey and Tye using a key to enter the building within ten minutes of each other. The men left the building at the same time, Tye on foot and Rainey in a car. Police officers attempted to approach Tye, but after throwing a bag he had been carrying, he fled on foot. The bag contained $50,000 and scales.

**{¶4}** That same day, police officers obtained a warrant to search the building. Upon entering the building, officers saw that the kitchen counter was covered with drugs and drug scales, and the kitchen table contained three guns. The officers discovered numerous bags of different types of drugs, ammunition, and two more guns in the kitchen cabinets and drawers. Finally, they found paperwork bearing Rainey's name: a 2020 dog license, signed by Rainey, for a dog that was chained at the building

and organizational papers for limited liability companies owned by Rainey and Tye.

**{¶5}** Rainey's defense at trial centered on the fact that although he may have been in the building, the drugs belonged to Tye, not Rainey. In support, he presented evidence showing that the police investigation had mainly focused on his codefendant, Tye, and that no physical evidence, i.e., DNA, connected him to the drugs and drug-processing equipment found in the building, but Tye's DNA profile was on one drug item found in the building.

**{¶6}** In November 2022, the jury returned guilty verdicts on each drug offense. After the trial court had merged the drug offenses for purposes of sentencing, Rainey stood convicted of five counts of drug trafficking. The trial court imposed an aggregate term of 13 to 16-and-one-half years in prison. We affirmed Rainey's convictions on direct appeal. *See State v. Rainey*, 2023-Ohio-4666 (1st Dist.).

**{¶7}** After the jury found Rainey guilty but before his sentencing hearing, Tye entered into a plea agreement with the State where he entered guilty pleas to two counts of trafficking and one count of having a weapon while under a disability. The trial court imposed the agreed sentence: five to seven-and-one-half years in prison.

**{¶8}** In March 2024, Rainey moved for leave to file a new-trial motion based on newly-discovered evidence in the form of two affidavits from Tye confessing that he alone owned and had control over the drugs and other contraband found in the building. Rainey attached his own affidavit in support.

**{¶9}** Rainey attested that "soon after" he was convicted of drug trafficking, he had asked "Tye to come forward with an affidavit, stating he owned and controlled the drugs and related contraband from the January 21, 2021 seizure, and that, as we knew, I had nothing to do with it." Rainey explained that Tye was hesitant to confess because he was unsure how it would impact his plea agreement with the State and his

ability to earn good-time credit while in prison. Finally, Rainey attested that in late 2023, he learned that Tye would sign an affidavit confessing to owning and having control over the contraband in the building.

{¶10} In Tye's two affidavits, he attested that Rainey had come to the building on January 21, 2021, "to check on his truck getting repaired, and to find tools he needed for his job." Tye testified that there was no way that Rainey knew about any drugs in the building or saw any, because he "kept them [the drugs/contraband] hid in an area of space he will not pass by . . . nor could [Rainey] know what was there just by looking." Finally, Tye testified that although Rainey had contacted him in early 2023 to sign an affidavit confessing to owning and having control over the drugs found in the building, he did not do so until February 2024 because he was concerned that his confession would impact his plea agreement with the State and his ability to earn good-time credit in prison. Tye testified that he signed the affidavit after consulting with his "case manager."

{¶11} The trial court denied the motion for leave, finding that Rainey had not been unavoidably prevented from discovering the new evidence within the 120-day period following the jury returning its verdicts. Specifically, the court noted that "[w]hile it is clear from the information presented [in the] affidavits . . . that Mr. Rainey was prevented from timely presenting this information, it is not however, evident that Mr. Rainey was prevented from the timely discovery of the evidence." In other words, the common pleas court recognized that although Tye's confession may have been newly-*available* evidence, it was not newly-*discovered* evidence.

{¶12} Rainey now appeals, asserting in a single assignment of error that the common pleas court erred by denying his Crim.R. 33(B) motion for leave to file a new-trial motion based on newly-discovered evidence.

## II. Analysis

{¶13} We review a trial court's denial of a Crim.R. 33(B) motion for an abuse of discretion. *State v. Smith*, 2023-Ohio-3954, ¶ 6 (1st Dist.), citing *State v. Hatton*, 2022-Ohio-3991, ¶ 29. "A court exercising its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority" constitutes an abuse of discretion. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶14} A defendant must file a new-trial motion based on newly-discovered evidence within 120 days of the jury's verdict, unless the defendant offers "clear and convincing proof" that the defendant was unavoidably prevented from discovering the evidence upon which he now relies. Crim.R. 33(B); *State v. Howard*, 2022-Ohio-2159, ¶ 23 (1st Dist.). "Unavoidably prevented" means the party had no knowledge of the existence of the ground supporting the motion for a new trial and, exercising reasonable diligence, could not have learned of its existence within the time prescribed for filing the new-trial motion. *State v. Brand*, 2025-Ohio-669, ¶ 21 (1st Dist.), citing *State v McKnight*, 2021-Ohio-2673, ¶ 11 (4th Dist.).

{¶15} The trial court clearly believed Tye's confession—that he alone was in possession and control of the contraband found in the building—was not "newly discovered" evidence; rather, it was evidence that was newly available for Rainey's use. We agree.

{¶16} In *State v. McGlothin*, 2007-Ohio-4707 (1st Dist.), this court held that within the context of Crim.R. 33, "newly available" evidence is not the same as "newly discovered" evidence:

> "'[N]ewly available evidence' is not synonymous with 'newly discovered evidence.'" *United States v. Jasin*, 280 F.3d 355, 368 (3d Cir. 2002). To consider the testimony of a codefendant after he has been sentenced as

newly discovered evidence "would encourage perjury to allow a new trial once codefendants have determined that testifying is no longer harmful to themselves." *United States v. Reyes-Alvarado*, 963 F.2d 1184, 1188 (9th Cir. 1992). We agree with the reasoning of the Third Circuit that the majority view "establish[es] a straightforward bright-line rule, [and] is anchored in the plain meaning of the text." *Jasin* at 368. Accordingly, we adopt the majority view.

*Id*. at ¶ 41. In so holding, we concluded that the trial court had properly denied McGlothin's motion for a new trial based on newly-discovered evidence where the record did not support a finding that McGlothin had not known at trial about the substance of his codefendant's testimony in the now-available confession. *See State v. Howard*, 2015-Ohio-2854, ¶ 55 (8th Dist.) (holding that newly-available evidence is not newly-discovered evidence for purposes of Crim.R. 33).

{¶17} Here, Rainey's defense at trial was that the drugs found in the building were not his, but Tye's. Rainey has presented no evidence demonstrating that, within 120 days after the jury's verdict, he did not know, or could not determine using reasonable diligence, that the drugs and drug-processing equipment in the building were solely under Tye's control and ownership. Given that Tye and Rainey were business partners in limited liability companies and shared access and use of the building where the drugs were found, we cannot say that Rainey did not know the substance of Tye's now-available testimony.

{¶18} Further, even if Tye's now-available confession were newly-discovered evidence, Rainey points to no investigative efforts he undertook to discover Tye's confession within the 120-day period after the jury returned its verdicts, other than to say that "shortly after" he was sentenced, he had asked Tye to come forward with the

truth. While Rainey claims in his appellate brief that he repeatedly asked Tye to come forward with the truth, his affidavit only identifies one occasion.

**{¶19}** Tye's affidavit confessing to owning the drugs and contraband in the building is not newly-discovered evidence. Even if it were, the record does not demonstrate that Rainey, using reasonable diligence, could not have discovered the evidence upon which he now relies to support his motion for a new trial within the 120-day period. Accordingly, the common pleas court did not abuse its discretion by denying Rainey's Crim.R. 33(B) motion for leave to file a new-trial motion. We overrule Rainey's assignment of error.

### III.    Conclusion

**{¶20}** Having overruled Rainey's single assignment of error, we affirm the common pleas court's judgment.

Judgment affirmed.

**ZAYAS, P.J.,** and **CROUSE, J.,** concur.